UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA PITTS,

    Plaintiff,

v.

36TH DISTRICT COURT, ET AL.,

    Defendants.

_____/

Case No. 19-11210

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [9, 12, 14]**

On April 26, 2019, pro se litigant, Donna Pitts, commenced this action against Defendants Bank of America, N.A. ("Bank of America"), 36th District Court, Fay Servicing, LLC ("Fay Servicing") and NYMT Loan Trust I ("NYMT"). In her complaint, Plaintiff alleges several tort and constitutional claims. Defendant Bank of America filed a Motion to Dismiss [9] on June 20, 2019. Defendant 36th District Court filed a Motion to Dismiss [12] on June 21, 2019. Defendants Fay Servicing and NYMT filed a Motion to Dismiss [14] on June 25, 2019. Plaintiff filed Responses [24, 25, 26] to each motion on September 18, 2019. Plaintiff's responses failed to address the issues raised by the Defendants. Therefore, for the reasons discussed below, Defendants' Motions to Dismiss [9, 12, 14] are **GRANTED**. Plaintiff's Motion to file an Amended Complaint [27] is **DENIED AS MOOT**.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 29, 2000, Plaintiff received a $47,000 mortgage loan from Quicken Loans, Inc. for her house in Detroit. (Dkt. #9, Ex. A). She alleges that from 2003 to 2018, her loan was fraudulently modified several times. (Dkt. #9, pg. 1-2). On May 31, 2018, Plaintiff attempted to challenge the modifications by suing Defendant Bank of America in 36th District Court, Case No. 18-240946 & 18-240947. (Dkt. #9, Ex. C & D). On August 30, 2018, her complaints were dismissed with prejudice for failing to state a claim. (Dkt. #9, Ex. E). Plaintiff now brings this action against Defendants in an attempt to appeal the dismissal of her state court action.

## LEGAL STANDARDS

Federal courts do not supervise state courts and their decisions. This Court neither has the jurisdiction nor the power to overturn the 36th District Court's judgment in Plaintiff's prior action. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The proper court to hear Plaintiff's challenge to the dismissal of her claims is the Michigan Court of Appeals. MICH. COMP. LAWS § 600.308 (1961).

Conversely, this Court does have the power to dismiss a case at the pleading stage when the plaintiff fails to state a claim upon which relief can be granted, as required by Fed. R. Civ. P. 8(a)(2). Under *Twombly* and *Iqbal*, the pleading stage requires non-conclusory factual allegations such that they are "enough to raise a right

to relief above the speculative level" and create "more than a sheer possibility that a defendant has acted unlawfully." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants move to dismiss Plaintiff's Complaint based on res judicata and sovereign immunity. A Fed. R. Civ. P. 12(b)(1) challenge to subject matter jurisdiction takes the form of either a facial or factual attack. Defendants here make a facial attack, which questions the sufficiency of the pleadings. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Accordingly, the Court takes Plaintiff's factual allegations as true. *Id.*

The doctrine of res judicata "bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action." *Consolidation Coal Co. v. Maynes*, 739 F.3d 323, 327 (6th Cir. 2014). The Eleventh Amendment clothes states with sovereign immunity. U.S. Const., Amend. XI. ("The Judicial power of the United States … shall not … extend to any suit in law or equity … against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). This immunity protects courts, as arms of the state, from suit by both its own and other citizens in the absence of waiver or congressional abrogation. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–100; *Tennessee Student Assistance*

*Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Ernst v. Rising,* 427 F.3d 351, 358 (6th Cir. 2005) (en banc); *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 762 (6th Cir. 2010).

Defendants also move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 679).

## ANALYSIS

### I. Defendant 36th District Court

Defendant 36th District Court argues that sovereign immunity shields them from Plaintiff's claims against them. This Court agrees. Finding that the 36th District Court has not waived its immunity, it is immune to this lawsuit and all claims against it must be dismissed. In order to receive judicial review for her claims, Plaintiff must appeal to the Michigan Court of Appeals.

### II. Defendant Bank of America

Defendant Bank of America argues that res judicata precludes Plaintiff's previously litigated fraud and breach of contract claims against it. (Dkt # 9, Ex. C). Plaintiff's prior suit was dismissed with prejudice for want of a cause of action. (Dkt.

# 24, Ex. B, pg. 9; Dkt. # 14, Ex. A; Dkt. # 29, Ex. A). Such a dismissal is considered a final decision on the merits, unless the court affirmatively states otherwise. *Guzowski v. Hartman*, 849 F.2d 252, 254 (6th Cir. 1988). Therefore, res judicata prevents Plaintiff from once again raising the same claims against the same party in this action.

Plaintiff's new claims of discrimination, attorney ethics violations and intentional infliction of emotional distress ("IIED"), must also be dismissed for Plaintiff's failure to state them in such a way that entitles her to relief. Plaintiff's discrimination claim is vague at best. However, this Court construes Plaintiff's allegations as either a Michigan Elliot Larsen Civil Rights Act violation or a Fair Housing Act violation. Both statutes prohibit discrimination in real-estate transactions on the basis of race, color, national origin, sex or familial status. 42 U.S.C.A. § 3605(a); MICH. COMP. LAWS § 37.2502(1) (1976). Plaintiff fails to allege a single fact that would give rise to an inference of discrimination under either statute. *See W. Cong. St. Partners, LLC v. Rivertown Dev., LLC*, 739 F. App'x 778, 783 (6th Cir.), *cert. denied,* 139 S. Ct. 486, 202 L. Ed. 2d 377 (2018) (finding no plausible claim to relief when complaint contained no facts that would permit a reasonable inference of discrimination).

Plaintiff's attorney code of ethics violation and IIED claims are similarly tenuous. She alleges that Defendant Bank of America's counsel "made fun of [her]

in a very degrading way" and that she suffered "humiliation" and "mental anguish" as a result. Compl. pg. 11, 20. If her allegations are true, this Court does not condone such behavior. However, they neither rise to the level of a prima facie IIED case nor subjects Defendant Bank of America's counsel to the Charter of Core Principles of the European Legal Counsel as cited in Plaintiff's Complaint. Compl. pg. 6. *Iqbal* states that a complaint's threadbare recitals of a cause of action will not suffice. This complaint fails to include a single element of a cause of action — let alone a threadbare recital. *Iqbal*, 556 U.S. at 665. Therefore, Plaintiff's discrimination, attorney ethics, and IIED claims are dismissed.

Plaintiff also cites a slew of frivolous state and constitutional claims against Defendant Bank of America, none of which approach a cognizable legal claim — they are therefore also dismissed.

### III. Defendants Fay Servicing and NYMT

Plaintiff brings this suit against Defendants Fay Servicing and NYMT for reasons unknown to this Court. *Twombly* and *Iqbal* require that a complaint include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" such that it gives "the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47); *Iqbal*, 556 U.S. at 678.

In her complaint, Plaintiff mentions Defendants Fay Servicing and NYMT only three times and presents no clear allegations against them. This Court construes Defendants Fay Servicing and NYMT's inclusion in this case as merely a means of giving notice of the suit itself as a "new lender" and "new servicer" respectively and possible interested parties. Therefore, since no claim of misconduct against Defendants Fay Servicing and NYMT can be ascertained — Defendants Fay Servicing and NYMT Motion to Dismiss is granted.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motions to Dismiss [9, 12, 14] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to file an Amended Complaint [27] is **DENIED AS MOOT**.

**SO ORDERED**.

                                              s/Arthur J. Tarnow
                                              Arthur J. Tarnow
Dated: November 27, 2019        Senior United States District Judge